**WORLDWIDE CARRIERS LTD.,**
**Plaintiff,**

v.

**ARIS STEAMSHIP CO. Ltd., Adrian Maritime Co. Ltd., Aaron Maritime Co. Ltd., Arger Navigation Co. Ltd., Intercontinental Maritime Ltd., Evie Navigation Co. Ltd., Defendants.**

**No. 68 Civ. 3232.**

United States District Court
S. D. New York.
Sept. 23, 1968.

Kriendler & Kriendler, New York City, for plaintiff, Paul S. Edelman, New York City, of counsel.

Levin, Kreis, Ruskin & Gyory, New York City, for defendants, Lester M. Levin, Herbert B. Ruskin, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Five defendants (all except the sixth defendant Aris Steamship Co. Ltd.) apply for an order permitting these defendants to post an approved undertaking in the amount of Five Hundred Thousand Dollars ($500,000), to cover the amount of plaintiff's claim, with accrued interest and costs, and payment of the marshal's fees and expenses, thereby discharging the attachment of these defendants' property. The motion is brought pursuant to Rule 12 of the Rules of Admiralty and Maritime Claims for the Southern and Eastern Districts of New York implementing Supplemental Admiralty Rule E and also under New York CPLR § 6222.

Plaintiff's complaint, filed on August 8, 1968, alleges as a first claim breach of a time charter by Aris Steamship Co. Ltd. (hereinafter Aris) and damages in the amount of Five Hundred Thousand Dollars ($500,000). Reiterating the allegations of the first claim, the second claim further alleges that the remaining defendants were, in effect, mere alter egos of Aris and, as such, should be held responsible for Aris' acts. Plaintiff demands judgment against these defendants in the same amount.

On August 9, 1968, Judge Pollack ordered an attachment of property of all defendants in the possession of various named concerns, including the Israel Discount Bank, Ltd. Defendants moved, *inter alia,* to vacate the attachment as against all defendants other than Aris, which motion was denied by Judge Tenney in a comprehensive opinion filed on August 29, 1968.

These same defendants now seek to substitute a bond in an amount sufficient to cover the damages sought to be recovered by plaintiff.

In opposing this motion, plaintiff argues that the Court, in its discretion, should condition the posting of the bond and discharge of the attachment upon the furnishing by Aris of a similar bond in the amount of Three Hundred Thousand Dollars ($300,000), because "[i]f Aris is defunct, then plaintiff faces the possibility that its overwhelming case for damages against Aris will be practically worthless if a judgment is obtained solely against Aris." Plaintiff's Memorandum on Certain Defendants' Motions To Post Security and Vacate the Attachment Order, at 4. Moreover, plaintiff claims that any assets still possessed by Aris would be transferred to the other defendants by reason of the "close interrelationship of the parties by which assets can be effectively diverted from Aris to others * * *." Id.

Defendants argue that Supplemental Admiralty Rule E(5) (a), Local Admiralty Rule 12 and CPLR § 6222 mandate the Court's order approving the posting of security and discharging the attachment. Alternatively, defendants contend that the Court, in its discretion, should permit the posting of security and discharge because the attachment is inflicting "incalculable harm" upon them and is operating as a penalty without furnishing any increased security to plaintiff.

Supplemental Admiralty Rule E(5) (a) relevantly provides that whenever a maritime attachment is issued, "the execution of such process shall be stayed, or the property released, on the giving of

security, to be approved by the court or clerk * * *." [1] Local Admiralty Rule 12 provides that property seized by the marshal may be released by paying into court the amount alleged due, with interest and costs. [2] Rule 5 of the Rules of Practice in Admiralty and Maritime Cases—rescinded as of July 1, 1966, when the Federal Rules of Civil Procedure, as amended, were made applicable to admiralty cases—provided that, where goods are attached, "the attachment shall be dissolved by order of the court to which the process is returnable, on the giving of a bond or stipulation * * *." [3]

The Advisory Committee's Note points out that Rule E(5) "restates the substance of Admiralty Rule 5," and that it also incorporates the provisions of 28 U.S.C. § 2464 (1964) which directs the marshal to discharge the attachment when an adequate bond is posted. Proposed Supplemental Rules For Certain Admiralty and Maritime Claims, 39 F.R.D. 146, 159 (1966).

CPLR § 6222 provides that a defendant whose property has been levied upon may move to discharge the attachment, and that defendant, upon making this motion, must give an undertaking equal

1. Rule E(5) (a) in its entirety reads:
"(5) Release of Property.
(a) *Special Bond.* Except in cases of seizures for forfeiture under any law of the United States, whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum."

2. Rule 12 in its entirety reads:
"Rule 12. Release of Seizures
Property seized by the marshal may be released as follows:
(a) In suits for sums certain, by paying into court the amount alleged to be due, with interest as claimed therein, up to the first day of the month next succeeding the last day to answer the complaint or next succeeding the payment into court, whichever is later, or by filing an approved stipulation for such alleged amount, with

interest, and by payment into court of the costs of officers of the court already accrued, and by depositing also the sum of $250, to cover further costs; or in lieu of such deposit for costs giving a stipulation conditioned that the principal shall pay all costs awarded by the court, and, in case of appeal, by any appellate court, against him, it or them. The stipulation shall be in the sum of $250.
(b) By an order duly entered by the clerk upon the written consent of the attorney for the party on whose behalf the property is detained."

3. Rule 5 in its entirety reads:
"Rule 5. Bond in attachment suits in personam
In all suits in personam, where goods and chattels, or credits and effects, are attached under a process authorizing the same, the attachment shall be dissolved by order of the court to which the process is returnable, on the giving of a bond or stipulation, with sufficient sureties, or an approved corporate surety, by the respondent whose property is so attached, or by someone on his behalf, conditioned to abide by all orders, interlocutory or final, of the court, and to pay the amount awarded by the final decree of the court to which the process is returnable, or in any appellate court, not exceeding, however, the value of the goods so attached with interest at six per centum per annum and costs; and upon such bond or stipulation, summary process of execution shall be issued against the principal and sureties or surety by the court to which the process is returnable, to enforce the final decree so rendered or on appeal by any appellate court."

to the value of the property or debt sought to be discharged.[4]

Rule E(5) (a) does not explicitly direct the Court to order the discharge of the attachment upon the giving of security nor does it unambiguously place the matter within the sound discretion of the Court. Further, neither Local Admiralty Rule 12 nor CPLR § 6222 definitively guides the Court on this question. But the predecessor provisions to Rule E(5) do indicate that a defendant was entitled of right to the release of attached property upon the posting of an adequate sum; and there is nothing in either Rule E(5) (a) or Local Rule 12 that indicates any intended change on this point. The Rules now in effect appear to differ from the pre-existing Rules and statutory provision only with respect to the amount of the bond—an issue not contested on this motion—and the difficult question of the amount of the bond apparently was the basis for requiring court approval.

Even if the Court were not compelled, as a matter of law, to substitute a bond for the attached property and the issue were entirely one of judicial discretion, the Court would conclude, as it does, that the bond should be accepted and the attachment discharged. Defendants have been subjected to severe economic hardship by the attachment which, in the circumstances of this case, does not provide any greater security for plaintiff and which hardship would be relieved through the posting of a bond.

Nor has plaintiff demonstrated either in its memoranda or at oral argument how it would be prejudiced by discharging the attachment upon the posting of the proffered security. Plaintiff asserts that, if judgment were entered against Aris solely, there is a distinct possibility that plaintiff would be unable to satisfy its judgment. The salient fact is that, if the attachment were to remain and judgment were entered against Aris solely, plaintiff would be unable to apply the attached property in satisfaction of its judgment.

In view of the foregoing, the motion is hereby granted. The Court approves the discharge of the attachment upon the posting of security in the amount of Five Hundred Thousand Dollars ($500,-000) to cover the amount of plaintiff's claim, with accrued interest and costs, and payment of the marshal's fees and expenses, as provided in Rule E(5) (a).

Settle order on notice.

---

4. CPLR § 6222 in its entirety reads:
  " § 6222. Discharge of attachment.
    A defendant whose property or debt has been levied upon may move, upon notice to the plaintiff and the sheriff, for an order discharging the attachment as to all or a part of the property or debt upon payment of the sheriff's fees and expenses. On such a motion, the defendant shall give an undertaking, in an amount equal to the value of the property or debt sought to be discharged, that the defendant will pay to the plaintiff the amount of any judgment which may be recovered in the action against him, not exceeding the amount of the undertaking. Making a motion or giving an undertaking under this section shall not of itself constitute an appearance in the action."